# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 18-1039

———————————————

Garry Denson

*Plaintiff - Appellant*

v.

Steak 'n Shake, Inc.

*Defendant - Appellee*

—————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

—————————

Submitted: September 27, 2018
Filed: December 3, 2018

—————————

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

—————————

WOLLMAN, Circuit Judge.

Garry Denson appeals from the district court's[1] order granting Steak 'n Shake's motion for summary judgment on his Americans with Disabilities Act (ADA) discrimination claim and his Missouri Workers' Compensation claim. We affirm.

———————————————

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Denson broke his hip in 2010 and underwent total hip replacement surgery. His surgeon determined that Denson had reached "maximum medical improvement" in the fall of 2011 and permanently restricted Denson to clerical or sedentary work, with no lifting. An administrative law judge deemed Denson disabled in September 2012 and awarded him Social Security benefits.

In November 2014, Steak 'n Shake hired Denson as a fountain operator at its O'Fallon, Missouri, location. The fountain operator job required employees to stand, bend, stretch, and walk throughout the shift, as well as to lift and carry up to thirty pounds. Denson informed Steak 'n Shake that he suffered back problems and had undergone hip replacement surgery. In contrast with his permanent medical restrictions, Denson stated that he could lift approximately fifteen to thirty pounds.

Denson fell twice at Steak 'n Shake in early 2015. Denson commenced physical therapy in October 2015 through Steak 'n Shake's workers' compensation program. In January 2016, David King, M.D., examined Denson and initially restricted him to: no lifting more than thirty pounds; no kneeling, squatting, stooping, or climbing; and no walking or standing for more than forty-five minutes per hour. Dr. King examined Denson again on February 5, 2016, and concluded that he had reached "maximum medical improvement." Dr. King rescinded his former opinion and recommended that Denson remain on the original surgeon's medical restrictions of clerical or sedentary work with no lifting. Steak 'n Shake thereafter removed Denson from the work schedule for a safety evaluation and later terminated Denson's employment.

Denson subsequently filed a discrimination charge with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission (EEOC). In the charge questionnaire, Denson claimed that Steak 'n Shake could have accommodated his disability by transferring him to "the host, dishroom, and/or prep person" position, all of which required periods of standing. The EEOC issued

Denson a right to sue letter. Denson then filed suit in federal district court, alleging that Steak 'n Shake had terminated his employment because of his disability in violation of the ADA and that Steak 'n Shake had retaliated against him in violation of the Missouri Workers' Compensation statute. Steak 'n Shake moved for summary judgment on both claims.[2]

We review *de novo* the grant of summary judgment, "viewing all evidence and reasonable inferences in the light most favorable to the nonmoving party." Barstad v. Murray Cty., 420 F.3d 880, 883 (8th Cir. 2005). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To establish a prima facie case of disability discrimination, a plaintiff "must show that he (1) has a 'disability' within the meaning of the ADA, (2) is a 'qualified individual' under the ADA, and (3) 'suffered an adverse employment action as a result of the disability.'" Fenney v. Dakota, Minn. & E. R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (quoting Duty v. Norton–Alcoa Proppants, 293 F.3d 481, 490 (8th Cir. 2002)). "To be a 'qualified individual' within the meaning of the ADA, an employee must '(1) possess the requisite skill, education, experience, and training for h[is] position, and (2) be able to perform the essential job functions, with or without reasonable accommodation.'" Id. at 712 (alteration in original) (quoting Heaser v. Toro Co., 247 F.3d 826, 830 (8th Cir. 2001)).

Denson failed to show that he was a qualified individual within the meaning of the ADA. Although he believed that he could perform the essential job functions of the fountain operator, Denson's permanent medical restrictions barred him from

---

[2]Denson did not respond to Steak 'n Shake's arguments in support of summary judgment on the retaliation claim, and the district court correctly deemed the claim waived.

performing the duties laid out in the job description, which he admitted were accurate. We have held that "[t]he ADA does not require an employer to permit an employee to perform a job function that the employee's physician has forbidden" and that an employee's subjective belief that he or she can perform the essential functions of the job is irrelevant. Alexander v. Northland Inn, 321 F.3d 723, 727 (8th Cir. 2003). Denson also argued that Steak 'n Shake could have accommodated him by transferring him to the dish room, prep person, or host position at any Steak 'n Shake location within the St. Louis metropolitan area. But Denson admitted that these jobs were not sedentary or clerical when he conceded that these positions required employees to stand for long periods of time. According to his medical restrictions, Denson could not perform the essential functions of these jobs. Denson was thus not a qualified individual and his prima facie case of discrimination fails. For the same reasons, a failure-to-accommodate claim would also fail. See Moses v. Dassault Falcon Jet-Wilmington Corp., 894 F.3d 911, 921, 924 (8th Cir. 2018) (concluding that plaintiff's failure-to-accommodate claim failed when plaintiff could not show he was a qualified individual).

The judgment is affirmed.

_____